IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No.  4:16cr09 (RCY) |
| | ) | |
| GEORGE A. HAMPTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Compassionate Release (ECF No. 37) ("Motion for Compassionate Release"), the Response in Opposition by the United States (ECF No. 39), Defendant's Reply (ECF No. 42), the exhibits related to these documents, and other related filings.  The Court has reviewed these documents and all exhibits, and the matter is ripe for disposition.  The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  For the reasons that follow, the Court will deny the Motion for Compassionate Release.

**I.  BACKGROUND**

George A. Hampton ("the Defendant" or "Hampton") was charged in a three-count indictment on January 12, 2016. (ECF No. 14.)  Count 1 charged the Defendant with Possession with Intent to Distribute Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); Count 2 charged the Defendant with Possession of a Firearm in furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A); Count 3 charged the Defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §

922(g)(1). (*Id*.) On March 2, 2016, the Defendant pled guilty to Count 2. (ECF Nos. 20–22.)

According to the Presentence Investigation Report ("PSR"), the statute for Count 2 required a mandatory minimum term of imprisonment of at least 25 years, and the Guideline sentence is the minimum term required by statute. (PSR, ECF No. 26 at ¶17.) On June 6, 2016, the Honorable United States District Judge Henry C. Morgan imposed the required mandatory minimum sentence of 300 months. (ECF Nos. 31–33.)

In the Motion for Compassionate Release, Hampton argues that he is at a higher risk for severe illness from COVID-19 due to three conditions: diabetes, morbid obesity, and hypertension. (Mot. Comp. Release, ECF No. 37 at 1–2, 8–18.) He also argues that his 25-year sentence was "exceptionally long [] for [his] non-violent offense," "grossly disproportionate to his conduct," and "manifestly unjust." (*Id*. at 1–2.) Hampton also informs the Court that he received the Moderna COVID-19 vaccine in April 2021, and the United States confirms vaccination dates of March 26, 2021 and April 21, 2021. (Reply, ECF No. 42 at 1; Response, ECF No. 39-1.) But despite having been vaccinated, Hampton contends that, because of "dangerous new variants and post-vaccination infection data," the vaccine does not eliminate the risk he faces. (Reply, ECF No. 42 at 1–4.) Hampton contends that the BOP is not able to protect its population against COVID-19. (Mot. Comp. Release at 9–10.) He also contends that the COVID-19 situation in prisons in general, including FCI Jesup, combined with his risk and long sentence necessitates his release or, alternatively, a reduction in sentence. (*Id*. at 11, 25.) Hampton plans to live with his girlfriend in North Carolina and become a truck driver. (*Id*. at 23.)

## II. LEGAL STANDARD:  COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT OF 2018

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," "upon motion of the Director of the Bureau of Prisons," or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).  Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.*  Section 3582(c)(1)(A) also requires courts to consider "the factors set forth in section 3553(a) to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentencing modification. *Id.*

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i).  *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019).  While courts do not "minimize the risks that COVID-19 poses in the federal prison system," the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  It is also generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Molina*, No. 3:15cr31, 2021

WL 1323402, at *2 (E.D. Va. Apr. 8, 2021) (citation omitted). "In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, *inter alia*, the guidance of the CDC [Centers for Disease Control and Prevention], and non-binding policy statements of the United States Sentencing Guidelines." *Id.* "[T]o constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious." *Id.* To establish the existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19,[1] a defendant generally must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. White*, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020)).

In *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020), the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Sentencing Commission has not issued a policy statement since the passage of the First Step Act. *Id.* at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (alteration omitted) (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this Court after the Fourth Circuit's decision in *McCoy*, many courts are treating § 1B1.13 "as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A)," but

---

[1] Hampton argues that he is at a higher risk for severe illness from COVID-19 due to three conditions: diabetes, morbid obesity, and hypertension. (Mot. Comp. Release, ECF No. 37 at 1–2, 8–18.) He also argues that his 25-year sentence was "exceptionally long [] for [his] non-violent offense," "grossly disproportionate to his conduct," and "manifestly unjust." (*Id*. at 1–2.) He also notes his concerns regarding the variants and post-vaccination infections. (ECF No. 42 at 1–4.)

4

they are not "treat[ing] its provisions as binding." *United States v. Dean*, No. 15-CR-0339(1), 2020 WL 7055349, at *1 (D. Minn. Dec. 2, 2020) (citing *McCoy*, 981 F.3d at 281); *see also United States v. Spencer*, No. 2:11cr30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (noting that "the policy statement in U.S.S.G. § 1B1.13 is no longer binding . . . after . . . *McCoy*," but that "the court finds certain of its provisions useful in addressing [compassionate release motions]").

Section 1B1.13's guidance provides that a defendant's medical conditions, age, family circumstances, or other circumstances, either singly or in combination, can prove sufficiently extraordinary and compelling to justify compassionate release. U.S.S.G. § 1B1.13, application notes 1(A)-(D). It advises that, to be extraordinary and compelling, a defendant's medical conditions must be either "terminal . . . with an end of life trajectory" or must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, application note 1(A).

Similarly, a defendant may be released based on his advanced age when he "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment." § 1B1.13, application note 1(B). Defendants may also seek compassionate release based on family circumstances, including when the caregiver of a defendant's minor child has died or become incapacitated, or when the defendant's spouse or partner has become incapacitated and the defendant constitutes the only available caregiver. § 1B1.13, cmt. application note 1(C). Finally, the Sentencing Guidelines contemplate situations in which "there exists in the defendant's case an extraordinary and compelling reason [for compassionate

release] other than, or in combination with, [the defendant's medical conditions, age, and family circumstances]." § 1B1.13, cmt. application note 1(D).

Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2).

The Fourth Circuit provided additional guidance in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). It explained that the district court must "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present in [the defendant's] case." *Id*. at 332. In his concurring opinion, Chief Judge Gregory makes it even more clear that the district court may not "fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence." *Id*. at 335 (Gregory, C.J., concurring). "Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." *Id*. "If a district court's original § 3553(a) analysis could always prove that a sentence reduction would intolerably undermine the § 3553(a) factors, then 18 U.S.C. § 3582(c)(1) would, in effect, be a nullity." *Id*. Judge Gregory notes that "[a] day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be," and that "[t]hese

conditions, not contemplated by the original sentencing court, undoubtedly increase a prison sentence's punitive effect." *Id*. at 336.

Courts must also consider "evidence of rehabilitation and other post-conviction conduct." *United States v. Brown*, No. 3:90cr113, 2021 WL 3206548, *2 (E.D. Va. 2021) (citing *United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B))). The *Brown* decision also notes that a defendant's "rehabilitation alone does not provide sufficient grounds to warrant a sentence modification." *Id*. (citing 28 U.S.C. § 994(t)).

Additionally, the Sentencing Commission has advised courts to consider whether, based on the factors set forth in 18 U.S.C. § 3142(g), a defendant would present a danger to the safety of any other person or to the community if released.[2] U.S.S.G. § 1B1.13(2). As noted herein, pursuant to *United States v. McCoy*, the policy statement is not binding, but it provides useful guidance.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) the defendant establishes an extraordinary and compelling reason for the reduction, and (2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant § 3553(a) factors and any applicable policy statements issued by the Sentencing Commission.

---

[2] As modified in the context of a compassionate release motion, before releasing a defendant, courts should consider: (1) the nature and circumstances of the offense of conviction, including whether the offense is a crime of violence, a violation of § 1591, a terrorism offense, or an offense involving a minor victim, controlled substance, firearm, explosive or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical and mental condition, family and community ties, financial resources, history of substance abuse and criminal history, as well as whether at the time of the instant offense, the defendant was on a period of probation, parole or other form of release; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

## III. ANALYSIS

There is some dispute regarding whether the Defendant exhausted his remedies as required, but the United States "will assume that the defendant has exhausted his remedies." (Response, ECF No. 39, at 3 n.1.) The Court will do so as well.

After a careful review of the motion, response, reply, exhibits, including in particular the medical records, and other related documents, the Court concludes that Hampton's health conditions, although serious, do not support a finding of extraordinary and compelling reasons for a reduction in his sentence. The medical records indicate that Hampton has hypertension, diabetes, and is morbidly obese, but they also indicate that these conditions appear to be well-managed. (ECF No. 35; Mot. Comp. Release, ECF No. 37-1.) The CDC provides guidance regarding certain medical conditions and distinguishes between individuals with certain conditions who "are more likely to get severely ill from COVID-19" and those whose conditions "can make you more likely to get severely ill from COVID-19." *See* People with Certain Medical Conditions | CDC (Updated Oct. 14, 2021). According to the CDC, diabetes, hypertension, and obesity "can make you more likely to get severely ill from COVID-19." (*Id.*) But where a defendant is receiving medical treatment to manage his medical conditions, courts have found that these conditions do not establish a particularized susceptibility to COVID-19. *See United States v. Reid*, No. 2:02cr172, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020) (hypertension being treated so defendant not "particularly susceptible to COVID-19"); *Barrett v. United States*, No. 4:15cr47, 2020 WL 6206008, at *3 (E.D. Va. Oct. 22, 2020) (hypertension combined with defendant's age and medical treatment to manage his hypertension does not place him at increased risk); *McKenith v. United States*, No. 7:14cr26, 2021 WL 4527243, at *5 (E.D.N.C. Oct. 4, 2021) (compassionate release denied despite heart conditions and

hypertension); *United States v. Volious*, No. 3:17cr575, 2020 WL 5988143, at *3 (D.S.C. Oct. 8, 2020) (compassionate release denied despite heart conditions, sleep apnea, and asthma); *United States v. Austin*, 825 F. App'x 324 (6th Cir. 2020) (affirming compassionate release denial despite inmate having heart conditions and being immunocompromised); *United States v. Feiling*, 453 F. Supp. 3d 832 (E.D. Va. 2020) (denying compassionate release despite inmate having diabetes, hypertension, obesity, respiratory issues, and metabolic syndrome); *United States v. McKay*, No. 18CR305, 2020 WL 7398865 (D. Md. Dec. 17, 2020) (compassionate release denied despite inmate having hypertension and borderline obesity); *United States v. Wright*, No. 17-388, 2020 WL 2571198 (D. Md. May 21, 2020) (denying compassionate release to defendant at the age of 66 with diabetes, hypertension, chronic kidney disease, asthma, and obesity); *United States v. Barringer*, No. 13-0129, 2020 WL 2557035, at *4 (D. Md. May 19, 2020) (denying compassionate release to a 60-year-old defendant with hypertension, diabetes, chronic kidney disease, and extreme obesity).

  The medical records indicate that Hampton, age 40, is receiving on-going medical treatment for his medical conditions and that they are being well-managed. (ECF No. 35; Mot. Comp. Release, ECF No. 37-1.) While his medical conditions are serious, they do not establish an extraordinary and compelling reason for compassionate release. In addition, Hampton was vaccinated with the Moderna vaccine in March and April 2021. (Reply, ECF No. 42 at 1; Response, ECF No. 39-1.) As the United States notes, the Moderna vaccine is "94.1% effective at preventing illness from COVID-19." (Response, ECF No. 39 at 10.); *see also* Moderna COVID-19 Vaccine Overview and Safety | CDC (updated Oct. 15, 2021). Many courts have ruled, "on the basis of present understanding, that the highly effective available vaccines dramatically affect whether an inmate's medical conditions constitute the 'extraordinary and

compelling reason' required to further consider compassionate release." *United States v. Gregory*, No. CR 13-0334, 2021 WL 1909605, at *4 (D. Md. May 12, 2021) (collecting cases).

Hampton is housed at FCI Jesup. There are currently no positive inmate cases and no positive staff case at that facility; two inmates and no staff at that facility have died of COVID-19; and there have been a total of 453 inmates and 23 staff members who tested positive and recovered, according to data available at www.bop.gov/coronavirus/ (updated daily at 3:00 p.m.) (last visited November 15, 2021). Hampton cannot establish a particularized risk of contracting COVID-19 at FCI Jesup given the lack of positive cases there currently. Accordingly, the Court finds that Hampton has not established an extraordinary and compelling reason for a reduction in his sentence.

Moreover, even if the Court found that Hampton had established an extraordinary and compelling reason for a reduction in his sentence, the Court does not, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors and non-binding policy statements. The Court finds that a reduction in Hampton's sentence would undermine the relevant § 3553(a) factors. In particular, a reduction in Hampton's sentence at this time would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense, and Hampton's history and characteristics.[3] Hampton, as noted previously, argues that his 25-year sentence was "exceptionally long [] for [his] non-violent offense," "grossly disproportionate to his conduct," and "manifestly unjust." (Mot. Comp. Release, ECF No. 37 at 1–2.) Hampton was convicted of possession of a firearm in

---

[3] While not relevant in this case given the Court's finding that Hampton has not established an extraordinary and compelling reason for a reduction in his sentence, the Court also notes ECF No. 47.

10

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), *after a prior § 924(c) conviction became final*. (PSR, ECF No. 26 at ¶ 32.) The punishment for this crime by statute is a mandatory minimum of 25 years and, while Congress has changed some of the penalty provisions related to this offense, Hampton would receive the same 25-year sentence if he were sentenced today. And so would others convicted of violating § 924(c) after a prior § 924(c) conviction became final; thus, his sentence is not "grossly disproportionate." Hampton was aware, after his first § 924(c) conviction in 2005, that he would face a 25-year sentence if he were convicted of a second § 924(c) offense, but he committed the second § 924(c) offense and was sentenced accordingly.

Hampton also has a disciplinary history within the BOP, including as recently as April 2020. (Response, ECF No. 39-4.) But, to his credit, Hampton has taken drug education and other courses. (Mot. Comp. Release, ECF No. 37-2). The Court is hopeful that Hampton will continue with vocational training, educational courses, and substance abuse treatment, as noted in his Individualized Needs Plan – Program Review. (*Id.*) Hampton's current sentence is reasonable and appropriate, and it is no greater than necessary to achieve the objectives of 18 U.S.C. § 3553(a).

## IV.  CONCLUSION

For the reasons set forth herein, Hampton's Motion for Compassionate Release will be denied.

An appropriate Order shall issue.

Richmond, Virginia  
Date: November 15, 2021

/s/  
Roderick C. Young  
United States District Judge